UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALBERT THOMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>L.A. MARTINEZ,<br><br>    Respondent. | No. 2:22-cv-1724 AC P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis.

I.     Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF Nos. 2, 4. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II.     Petition

In 2013, petitioner was convicted of first-degree murder. ECF No. 1 at 1-2. He received a sentence of twenty-five years to life. Id. at 23. Petitioner asserts that his sentence was doubled to fifty years, based on a robbery conviction that was deemed a serious felony. Id. He also received two, one-year enhancements for personally using a knife and having a prison prior and a five-year enhancement for a prior prison commitment, which petitioner claims was actually a probation

release that should have been reduced to a misdemeanor. Id.

Petitioner appears to allege that his rights were violated when the state court improperly denied his request for counsel and resentencing under changes made to the law by Senate Bill (S.B.) 775, failed to vacate his five-year enhancement as required by S.B. 483, and denied him parole consideration under Proposition 57.[1] Id. at 5, 20-22, 24.

III.   Relevant State Law

A.   Senate Bill 775

Senate Bill 775 amended former California Penal Code § 1170.95, which has since been renumbered to § 1172.6, to "expand[] former section 1170.95's provisions to apply also to persons convicted of attempted murder or manslaughter." People v. Delgadillo, 14 Cal. 5th 216, 223 n.3 (2022) (citation omitted). The statute provides that eligible persons "may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" when specified conditions applied. Cal. Penal Code § 1172.6(a).

> Prior to Senate Bill 775, only "persons convicted of murder under a felony murder or natural and probable consequences theory" could file a petition for resentencing. (Former § 1170.95, subd. (a).) Senate Bill 775 ostensibly broadened the pool of eligible petitioners by allowing a resentencing petition to be filed by any person "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime."

People v. Vizcarra, 84 Cal. App. 5th 377, 388 (2022) (quoting former Cal. Penal Code § 1170.95(a), as amended by S.B. 775).

B.   Senate Bill 483

"Prior to January 1, 2020, section 667.5, subdivision (b) [of the California Penal Code] required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of

---

[1] Although petitioner does not specify what relief he was denied under Proposition 57, he cites "People v. Gadlin," which appears to be a reference to In re Gadlin, 10 Cal. 5th 915 (2020), which addressed eligibility for parole consideration under changes to the law made by Proposition 57. ECF No. 1 at 3, 5.

2

custody for at least five years." People v. Burgess, 86 Cal. App. 5th 375, 379-80 (2022) (citing former Cal. Penal Code § 667.5(b)).  Effective January 1, 2020, the statute was amended to provide that prior prison term enhancements were available only for prior terms for sexually violent offenses and "[e]nhancements based on prior prison terms served for other offenses became legally invalid." Id. (citations omitted).  The amendment was applicable retroactively only to those cases not yet final on the date the amendment went into effect. Id. at 380. (citation omitted).  Senate Bill 483 made the repeal of the sentencing enhancements applicable retroactively to any person currently serving a term on the repealed enhancements and amended the law to provide a process for identifying affected individuals and processing their recall and resentencing. Id. at 380-81.

      C.     Proposition 57

Proposition 57 added Article 1, Section 32 to the California Constitution.  It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

  IV.     Discussion

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  As set forth below, the petition fails to state a cognizable claim for relief and should be dismissed.

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

////

Petitioner asserts that he is eligible to, and therefore should, have his murder conviction and five-year enhancement vacated and be resentenced under S.B.s 775 and 483, respectively. These claims are not cognizable in federal habeas because they are purely questions of state law interpretation and application. To the extent he also appears to allege that he was denied parole consideration under Proposition 57, the claim similarly fails. Questions as to petitioner's eligibility to have his offense vacated, or for resentencing or parole consideration, do not present grounds for federal habeas relief because challenges to a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)). Though an exception exists if "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation," Lewis, 497 U.S. at 780 (citation omitted), petitioner cannot show that the state court acted in an arbitrary or capricious manner in denying him relief under S.B.s 775 and 483 because, contrary to his assertion, he was clearly not eligible for the relief provided by these changes to the law.

Senate Bill 775 amended the law to allow persons convicted of attempted murder or manslaughter under a felony murder or natural and probable consequences theory to petition to have their conviction vacated and be sentenced on any remaining counts. Delgadillo, 14 Cal. 5th at 223 n.3; Cal. Penal Code § 1172.6(a). But petitioner was not convicted of attempted murder or manslaughter, nor was he convicted under a felony murder or natural and probable consequences theory. Rather, petitioner was convicted of first-degree murder as the actual killer. ECF No. 1 at 2; People v. Thompson (Thompson I), No. C073272, 2014 WL 2812879, at *1, 2014 Cal. App.

////

Unpub. LEXIS 4380, at *1 (Cal. Ct. App. June 23, 2014).[2] Petitioner was also clearly ineligible to have his five-year enhancement vacated as a result of changes to the law under S.B. 483 since the changes applied only to certain one-year enhancements. See Burgess, 86 Cal. App. 5th at 379-81. Accordingly, the state court's determination that petitioner was not eligible for relief under changes made by S.B.s 775 and 483 was not arbitrary or capricious.

Finally, even if petitioner is eligible for parole consideration under Proposition 57, his claim is not cognizable in federal habeas. Parole consideration does not necessarily mean speedier release from prison and therefore must be presented to the court, if at all, in a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). Because Proposition 57 relief "would not necessarily lead to [petitioner's] immediate or earlier release from confinement," but rather a discretionary parole hearing where parole may be declined, the claim does not fall within the "core of habeas corpus." Id. at 935.

V.  Conclusion

For the reasons set forth above, the petition fails to state a cognizable claim for relief and should be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 6) is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE